UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2003 DEC 16  A 9: 52                C.A. No. _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GLOBAL TELEVISION NETWORK, LTD., ) | MAGISTRATE JUDGE _Collings_ |
| Plaintiff, ) | **03  12518 RGS** |
| v. ) | |
| UAV CORPORATION, ) | RECEIPT # 52542 |
| Defendant. ) | AMOUNT $ 150- |
| ) | SUMMONS ISSUED  1 |
| | LOCAL RULE 4.1 _____ |
| | WAIVER FORM _____ |
| | MCF ISSUED _____ |
| | BY DPTY. CLK. _____ |
| | DATE  12-16-03 |

## COMPLAINT

The Plaintiff, by its attorneys, complaining of the Defendant, respectfully alleges as follows:

### PARTIES

1. The Plaintiff, Global Television Network, Ltd. ("Global Television"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Acton, Massachusetts.

2. Upon information and belief, the Defendant, UAV Corporation ("UAV"), is a corporation organized under the laws of the State of Delaware with its principal place of business located at 2200 Carolina Place, Fort Mill, South Carolina 29708. The business of UAV includes, among other things, the manufacture, marketing and distribution of video cassettes and other forms of media.

## JURISDICTION AND VENUE

3.     This is an action for: (i) infringement of a federally registered trademark in violation of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"); (ii) the use of false designations of origin, false descriptions and representations, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) dilution of the distinctive quality of Plaintiff's famous and distinctive trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"); (v) substantial and related claims of trademark infringement and unfair competition under the common law of the Commonwealth of Massachusetts; and (vi) substantial and related state law claims for violation of G. L. c. 93A, § 11.

4.     This Court has jurisdiction over this action under 15 U.S.C. § 1121, 17 U.S.C. § 101 et seq., and 28 U.S.C. § 1338(a) and (b) as this action involves substantial claims arising under the Lanham Act and the Copyright Act, combined with substantial and related claims for trademark infringement, unfair competition and unfair and deceptive acts or business practices under state law.

5.     This Court has personal jurisdiction over UAV pursuant to the Massachusetts Long Arm Statute, M.G.L.A. c. 223A, § 3 because the causes of action asserted against UAV arise from UAV, directly or by an agent, transacting business in Massachusetts and in this District; contracting to supply services or things in Massachusetts and in this District; causing tortious injury by an act or omission in Massachusetts and in this District; or causing tortious injury in Massachusetts and in this District by an act or omission outside Massachusetts and regularly doing or soliciting business, or engaging in another persistent course of conduct, in

Massachusetts and in this District, or deriving substantial revenue from goods used or consumed or services rendered in Massachusetts and in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) as UAV transacts affairs in this District, and the claims allegedly arose and are continuing to occur within this District and elsewhere.

## FACTS COMMON TO ALL COUNTS

7. In 1990 Global Television created and produced a cable television and home video series called WILD ABOUT WHEELS®, which ran in prime time for three years on the Discovery Channel, for four years on the Speedvision Network and is still distributed throughout the world. The WILD ABOUT WHEELS® series featured stories about unique, unusual, expensive, classic, futuristic, and/or fast cars, trucks and races.

8. Since its first release, Global Television has vigorously promoted the videos and the mark -- WILD ABOUT WHEELS® -- in interstate commerce throughout the United States and in over 100 international territories. Indeed, Global Television's promotional efforts were so vigorous that the WILD ABOUT WHEELS® series created the general interest automotive television genre that is now found on numerous television networks. The series also spawned Global Television's "Wild About Wheels Media", which has provided cable networks, automakers and the automotive aftermarket industries with successful automotive television and video productions for over a decade.

9. The valuable goodwill Global Television has built up in those videos and mark extends throughout the United States and the world. Through Global Television's continual use of the mark and its associated promotional efforts, the public has come to identify the mark

WILD ABOUT WHEELS® with Global Television, its videos and its internationally known series.

10. Global Television has gone to substantial lengths to protect the intellectual property rights in its WILD ABOUT WHEELS® series. In 1992, it registered the WILD ABOUT WHEELS® video series with the U.S. Copyright Office.

11. Additionally, Global Television is the holder of federally registered trademark No. 2454980 for the mark WILD ABOUT WHEELS® for "video cassette recordings featuring wheeled vehicle subjects."

12. Global Television has continually used its marks in interstate commerce for at least 10 years and, as a result, has acquired federal and state common law rights in the mark.

13. In a June 1994 License Agreement ("1994 License Agreement"), Global Television gave UAV a three year license to manufacture and sell one Global Television-owned title from WILD ABOUT WHEELS® called "Car Crazy…Wild About Wheels." The 1994 License Agreement gave UAV an option to extend the license for a two year term for the sum of $10,000. At the conclusion of the initial three year term in June 1997, UAV did not exercise the extension option. A copy of the 1994 License Agreement is attached hereto as Exhibit A.

14. Even though it did not have a license or other authority from Global Television to sell "Car Crazy…Wild About Wheels" after the 1994 License Agreement had expired in 1997, UAV kept making and/or selling the "Car Crazy…Wild About Wheels" title anyway. In this regard, on April 13, 2003, Global Television purchased from Movies Unlimited, Inc. of Philadelphia, Pennsylvania, a new video cassette of that title bearing UAV's corporate name and information on the video's packaging. Movies Unlimited, Inc. is a major program distributor for videos. The video was delivered to Global Television at its Acton, Massachusetts location.

15. Had UAV taken a license to sell "Car Crazy...Wild About Wheels" for three successive two year terms under the same license fee provisions set forth in the 1994 License Agreement, it would have paid Global Television a total of $30,000 during the last six years.

16. In October 1998, Global Television and UAV entered into a License Agreement dated October 15, 1998 ("License Agreement") pursuant to which Global Television granted UAV an exclusive North American license to manufacture, distribute, promote, advertise, exploit and sell video cassettes and DVD's containing five of Global Television's WILD ABOUT WHEELS® titles. A copy of the 1998 License Agreement is attached hereto as Exhibit B.

17. "Car Crazy...Wild About Wheels" was not one of the five Global Television-owned titles licensed to UAV under the 1998 License Agreement.

18. The 1998 License Agreement provided for a two-year term that would expire on November 1, 2000 (the "Term") unless extended in a writing signed by both parties. The 1998 License Agreement further permitted UAV a non-exclusive right for six (6) months following the end of the Term to offer, sell, rent, lease, license, distribute, subdistribute, advertise and otherwise market video cassettes and DVD's. During that six-month period, UAV agreed to continue to account for and pay Global Television any proceeds otherwise provided for in the Agreement.

19. In exchange for the two year license granted in the 1998 License Agreement, UAV paid $25,000 to Global Television.

20. Additionally, Section 5 of the 1998 License Agreement provided that during the Term of the Agreement UAV may add trademarks, tradenames and logos to the five titles, the video cassettes and DVD's and their packages, labels and promotional and advertising materials. UAV also was permitted during the Term to prepare artwork and package designs for the

GSDOCS-1264971-1

videocassettes and DVDs. However, Section 6 of the 1998 License Agreement expressly required that UAV use the WILD ABOUT WHEELS® logo on all packaging and print materials produced by UAV.

21.  The 1998 License Agreement was not extended by UAV and it expired on November 1, 2000. Accordingly, as of April 1, 2001 when the six-month end of Term sell-off period expired, UAV had no license or other right to manufacture, distribute, promote, advertise, exploit or sell any of the five titles that had been the subject of the terminated 1998 License Agreement.

22.  In May 2001 and again in 2002 Global Television contacted UAV and offered to grant UAV a new license for the five WILD ABOUT WHEELS® titles that had been the subject of the 1998 License Agreement. UAV did not take a license on either of those occasions.

23.  Nevertheless, after the end of the contractual sell-off period UAV did not cease its activities related to the five WILD ABOUT WHEELS® titles. In early February 2003, Global Television learned that UAV was offering for sale, selling and advertising a five box set of videocassettes containing the same five titles that had been the subject of the 1998 License Agreement.

24.  In February 2003, Global Television made two separate purchases of WILD ABOUT WHEELS® video cassettes from ENTERMAGIC.com, which is owned and operated by UAV. The video cassettes were shipped to Global Television's Acton, Massachusetts location accompanied by "UAV Corporation Packing Lists". As late as February 24, 2003, ENTERMAGIC.com was offering to sell "Wild About Wheels 5 Pak" video boxed sets on its web site. The copyright notice on that web site page indicated that the owner is UAV Entertainment.

25.     On information and belief, UAV also owns a business to business web site having the domain name UAVbuy.com offering video products at wholesale, in volume, to retail outlets, catalogs and websites. In February 2003 that Web site also was offering for sale and selling the same boxed set of five titles that Global Television had purchased from ENTERMAGIC.com.

26.     Moreover, during the contract term of the 1998 License Agreement UAV was licensed only to sell each WILD ABOUT WHEELS® title so long as its external packaging bore the WILD ABOUT WHEELS® logo. Section 6 of the 1998 License Agreement expressly states that "UAV agrees to put the 'Wild About Wheels' logo on all packaging and print materials produced by UAV". To Global Television's knowledge, during the contract term UAV only sold titles packaged in boxes bearing the WILD ABOUT WHEELS® logo. However, the boxes of three of the titles that Global Television bought from ENTERMAGIC.com in February 2003 do not bear the WILD ABOUT WHEELS® logo. Instead, each bears a logo that uses the confusingly similar phrase "World of Wheels" in the same font, colors and overall design as the WILD ABOUT WHEELS® logo.

## COUNT I

### (Federal Trademark Infringement)

27.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 hereof with the same force and effect as if herein set forth at length.

28.     UAV's offering for sale, sale and advertising of merchandise bearing Global Television's "WILD ABOUT WHEELS®" trademark, without the license, authorization or permission of Global Television constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1051, et seq.

29. Moreover, UAV's knowing, intentional and willful use of the confusingly similar "World of Wheels" logo constitutes a further infringement of Global Television's "WILD ABOUT WHEELS®" trademark.

30. As a direct and proximate result of the foregoing acts by the Defendant, Global Television has been damaged in an amount to be determined at trial but in any event in excess of $100,000.

## COUNT II

### (False Designations of Origin, False Descriptions and Representations and Unfair Competition in violation of Federal Law)

31. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 hereof with the same force and effect as if herein set forth at length.

32. UAV's use of the trademark "WILD ABOUT WHEELS®" on and in connection with video cassette packaging that also uses the confusingly similar mark "World of Wheels" conveys the misleading commercial impression to the trade and to the public that UAV and/or its goods are approved by, sponsored by or somehow affiliated or connected with Global Television and its goods or services, all to the detriment of Global Television, the trade and the public.

33. The aforesaid acts of UAV constitute a false designation of origin, false descriptions and representations, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. UAV has so acted with knowledge that the name and mark "WILD ABOUT WHEELS®", when used in connection with automotive programming, has long identified and distinguished the goods and services offered by Global Television.

35.   The use of the "WILD ABOUT WHEELS®" trademark in conjunction with the "World of Wheels" logo has been without the consent, license, authority or permission of Global Television.

36.   As a direct and proximate result of the foregoing acts by UAV, Global Television has been damaged in an amount to be determined at trial but in any event in excess of $100,000.

## COUNT III

### (Federal Trademark Dilution)

37.   The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 hereof with the same force and effect as if herein set forth at length.

38.   UAV has infringed upon Global Television's "WILD ABOUT WHEELS®" trademark by using the confusingly similar mark, "World of Wheels," to promote three of the programs included in the five title box set. This defacing and alteration of Global Television's logo, among other things, dilutes its value and greatly confuses the public.

39.   UAV's acts complained of herein violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that UAV's conduct has and will continue to lessen the capacity of Global Television's famous and distinctive marks WILD ABOUT WHEELS® to distinguish its goods and services from those of others, and has diluted the distinctive quality of Global Television's famous and distinctive trademarks, and has actually blurred, eroded and diluted the distinctiveness of Global Television's trademark, with consequent damage to Global Television's WILD ABOUT WHEELS® mark and the goodwill symbolized by said trademark.

40.   UAV misappropriated the WILD ABOUT WHEELS® mark with full knowledge of the fame and notoriety of said trademark and for the wrongful purpose of benefiting from the

Case 1:03-cv-12518-RGS    Document 1    Filed 12/16/2003    Page 10 of 13

fame and goodwill attached to said trademark in order to unfairly enhance the commercial value of its goods.

41. As a direct and proximate result of the foregoing acts by UAV, Global Television has been damaged in an amount to be determined at trial but in any event in excess of $100,000.

## COUNT IV

### (Common Law Trademark Infringement)

42. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 hereof with the same force and effect as if herein set forth at length.

43. Plaintiff is the owner of all right, title and interest in and to the WILD ABOUT WHEELS® mark by virtue of its adoption and use, and its extensive advertising, offering for sale and sale of various television and video programming products bearing said mark.

44. UAV's acts described above have imitated, copied and used Plaintiff's WILD ABOUT WHEELS® mark.

46. The unauthorized acts of UAV in connection with its production, distribution, offering for sale and/or sale of goods or services bearing the WILD ABOUT WHEELS® mark and the confusingly similar "World of Wheels" mark constitutes trademark infringement of Plaintiff's WILD ABOUT WHEELS® mark and unfair competition with Plaintiff, and is likely to cause confusion and mistake in the minds of the trade and public as to the source or origin of UAV's goods or services and to cause the trade, the public and consumers to erroneously believe that UAV's goods or services are Global Television's goods or services, or are licensed or authorized by or affiliated with Global Television when, in fact, they are not.

-10-

GSDOCS-1264971-1

47. By its actions, UAV is improperly trading upon the reputation and goodwill of Plaintiff and is impairing the distinctiveness of Plaintiff's valuable rights in and to its WILD ABOUT WHEELS® mark.

48. Upon information and belief, the activities of UAV complained of herein constitute willful and intentional infringement of Plaintiff's trademark, as well as constitute unfair competition, in violation of the common law of the Commonwealth of Massachusetts.

48. As a direct and proximate result of the foregoing acts by UAV, Global Television has been damaged in an amount to be determined at trial but in any event in excess of $100,000.

## COUNT V

### (Copyright Infringement)

49. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 hereof with the same force and effect as if herein set forth at length.

50. Global Television is the United States copyright owner of the subject titles. Global Television has applied for and received a Certificate of Copyright Registration from the Register of Copyrights for the subject titles.

51. Under Section 106 of the Copyright Act, Global Television has the exclusive right, among other things, to reproduce and distribute copies of the subject titles to the public.

52. UAV'S copying and distribution of the videocassettes containing Global Television's five copyright protected "WILD ABOUT WHEELS®" episodes, without license or consent to do so, constitutes infringement of Global Television's exclusive rights in violation of the Federal Copyright Act, 17 U.S.C. § 106.

53. The unauthorized reproduction and distribution of the copyrighted subject titles constitutes infringement of the exclusive rights under Section 106 of the Copyright Act. UAV has made infringing reproductions of the subject titles and UAV has distributed copies of the subject titles without license, authority or consent of the copyright owner, Global Television.

54. As a direct and proximate result of the foregoing acts of infringement by UAV, Global Television is entitled to damages and profits under Section 504 of the Copyright Act, including statutory damages for willful infringement, in an amount to be established at trial but in any event in excess of $100,000.

## COUNT VI

### (Massachusetts Consumer Protection Act, G.L. c. 93A)

55. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 hereof with the same force and effect as if herein set forth at length.

56. UAV is an entity engaged in trade or commerce in Massachusetts.

57. UAV's acts, as described above, constitute an unfair or deceptive act or practice in violation of G.L. c. 93A, §§ 2 and 11.

58. UAV's violation of G.L. c. 93A, §§ 2 and 11 was willful and knowing.

59. As business entities engaged in trade or commerce, Global Television is entitled to assert claims for unfair or deceptive acts or practices by UAV under G.L. c. 93A, § 11.

60. As a direct and proximate result of UAV's violation of G.L. c. 93A, Global Television sustained monetary damages in excess of $100,000.

61. As a result of UAV's willful and knowing violation of G.L. c. 93A, Global Television is entitled to double or treble its actual damages and to recover attorneys' fees and costs.

## JURY DEMAND

The Plaintiff hereby demands trial by jury on all counts triable thereto.

WHEREFORE, the Plaintiff demands judgment as follows:

1. On each of Counts I, II, III, IV, V and VI in favor of Global Television and against the Defendant, and award Global Television damages under each count in an amount to be determined at trial;

2. Award the Plaintiff treble damages pursuant to Count VI;

3. Award the Plaintiff its costs and reasonable attorneys' and expert witness fees in this action; and

4. Order such other and further relief as the Court may deem just and proper under all the circumstances.

GLOBAL TELEVISION NETWORK, LTD.

By its attorneys,

Julie A. Frohlich (BBO# 554707)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

GSDOCS-1264971-1