UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GLOBAL TELEVISION NETWORK, LTD.,

Plaintiff,

v.

UAV CORPORATION,

Defendant.

C.A. No. 0312518 RGS

**ANSWER**
**OF DEFENDANT**
**UAV CORPORATION**

Defendant UAV Corporation ("UAV") responds to the allegations of Plaintiff Global Television Network, Ltd. ("Global Television") in the Complaint as follows:

**FIRST DEFENSE**

**(Specifically Responding to the Numbered Paragraphs of the Complaint)**

**PARTIES**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore, those allegations are denied.

2.      Defendant admits the allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3.      To the extent that the allegations in Paragraph 3 call for a legal conclusion or for expert testimony or opinion, no response is required. To the extent that plaintiff uses legal terms of art to forecast the various Counts that follow, defendant responds that each Count in plaintiff's Complaint speaks for itself, and defendant will respond to each Count in turn. Defendant denies the remaining allegations in Paragraph 3.

4.    With respect to the allegations in Paragraph 4 that call for a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5.    Defendant admits that it transacts business in Massachusetts and in this District, and as a result, this Court has personal jurisdiction over it pursuant to the Massachusetts Long Arm Statute, M.G.L.A.c. 223A, § 3. Except as expressly admitted, Defendant denies the allegations in Paragraph 5.

6.    Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because it transacts business in this District. Except as expressly admitted, Defendant denies the allegations in Paragraph 6. Defendant expressly denies that any alleged violations are continuing to occur in this District or elsewhere.

## FACTS COMMON TO ALL COUNTS

7.    Defendant is without knowledge or information sufficient to foiln a belief as to the truth of the allegations of Paragraph 7 and therefore, those allegations are denied.

8.    Defendant is without knowledge or infounation sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore, those allegations are denied.

9.    Defendant is without knowledge or infonuation sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore, those allegations are denied.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore, those allegations are denied.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore, those allegations are denied.

12.    To the extent that the allegations of Paragraph 12 call for a legal conclusion, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and therefore, those allegations are denied.

13.    Defendant admits that it entered into a license agreement with Global Television in June 1994 (the "1994 License Agreement") and that it did not renew the 1994 License Agreement after it expired.  With respect to the remaining allegations in Paragraph 13, the 1994 License Agreement is in writing and speaks for itself as to its terms.

14.    Defendant admits that it inadvertently sold a limited number of the "Car Crazy ... Wild about Wheels" titles after the 1994 License Agreement had expired. Defendant also admits that on or about April 13, 2003, Global Television purchased a videocassette from Movies Unlimited, Inc. entitled "Car Crazy.. . Wild About Wheels," and that the videocassette was delivered to an Acton, Massachusetts address. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore, those allegations are denied.

15.    The license fee provisions of the 1994 License Agreement are in writing and speak for themselves. To the extent that the remaining allegations of Paragraph 15 call for speculation as to whether, or on what terms, Defendant and Plaintiff would have renewed the 1994 License Agreement, no response is required.

16.    Defendant admits that it entered into a license agreement with Global Television in October 1998 (the "1998 License Agreement"). The terms of the 1998 License Agreement are in writing and speak for themselves.

17.    The 1998 License Agreement referred to in Paragraph 17 is in writing and speaks for itself as to its terms.

18.    The 1998 License Agreement referred to in Paragraph 18 is in writing and speaks for itself as to its terms.

19.    Defendant admits that it paid Global Television $25,000 upon signing the 1998 License Agreement. Except as expressly admitted, the allegations in Paragraph 19 are denied.

20.    The 1998 License Agreement referred to in Paragraph 20 is in writing and speaks for itself as to its terms.

21.    Defendant admits that it did not extend the 1998 License Agreement after it expired.  With respect to the remaining allegations in Paragraph 21, the 1998 License Agreement is in writing and speaks for itself as to its terms.

22.    Defendant admits that it did not enter into a license agreement with Global Television for five WILD ABOUT WHEELS titles in 2001 or 2002. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and therefore, those allegations are denied.

23.    Defendant admits that after the end of the sell-off period provided under the 1998 License Agreement, a limited number of the five WILD ABOUT WHEELS titles were sold by UAV. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore, those allegations are denied.

24.    Defendant admits that ENTERMAGIC.com is owned and operated by UAV. Defendant admits that a "Wild About Wheels 5 Pak" was listed in error on the website for ENTERMAGIC.com on or about February 24, 2003. Defendant is without knowledge or

information sufficient to foun a belief as to the truth of the remaining allegations in Paragraph 24 and therefore, those allegations are denied.

25.     Defendant admits that UAV owns a business-to-business web site having the domain name UAVbuy.com, which offers video products at wholesale, in volume, to retail outlets, catalogs and websites. Defendant admits that a "Wild About Wheels 5 Pak" was listed in error on the website for UAVbuy.com on or about February 24, 2003. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore, those allegations are denied.

26.     The 1998 License Agreement is in writing and speaks for itself as to its terms. Defendant admits that during the term of the 1998 License Agreement, it sold only titles packaged in boxes bearing the WILD ABOUT WHEELS logo. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore, those allegations are denied.

## COUNT 1
### (Federal Trademark Infringement)

27.     Defendant restates and incorporates by reference the answers to the allegations in Paragraphs 1 through 26 of the Complaint as and for its answer to Paragraph 27.

28.     To the extent that the allegations in Paragraph 28 call for a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

## COUNT II
### (False Designation of Origin, False Descriptions and Representations and Unfair Competition in Violation of Federal Law)

31.    Defendant restates and incorporates by reference the answers to the allegations in Paragraphs 1 through 30 of the Complaint as and for its answer to Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

33.    To the extent that the allegations in Paragraph 33 call for a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore, those allegations are denied.

36.    Defendant denies the allegations in Paragraph 36.

## COUNT III
### (Federal Trademark Dilution)

37.    Defendant restates and incorporates by reference the answers to the allegations in Paragraphs 1 through 36 of the Complaint as and for its answer to Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

## COUNT IV
### (Common Law Trademark Infringement)

42.    Defendant restates and incorporates by reference the answers to the allegations in Paragraphs 1 through 41 of the Complaint as and for its answer to Paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore, those allegations are denied.

44. Defendant denies the allegations in Paragraph 44.

[45.] The Complaint contains no Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in First Paragraph 48.

48. Defendant denies the allegations in Second Paragraph 48.

## COUNT V
### (Copyright Infringement)

49. Defendant restates and incorporates by reference the answers to the allegations in Paragraphs 1 through 48 of the Complaint as and for its answer to Paragraph 49.

50. Defendant is without knowledge or infoi nation sufficient to foliii a belief as to the truth of the allegations of Paragraph 50 and therefore, those allegations are denied.

51. To the extent that the allegations in Paragraph 51 call for a legal conclusion, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore, those allegations are denied.

52. To the extent that the allegations in Paragraph 52 call for a legal conclusion, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore, those allegations are denied.

53. To the extent that the allegations in Paragraph 53 call for a legal conclusion, no response is required. Defendant admits that it inadvertently distributed a limited number of

copies of videocassettes containing WILD ABOUT WHEELS episodes after the license

agreement between Defendant and Plaintiff expired. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53

and therefore, those allegations are denied.

54. Defendant denies the allegations in Paragraph 54.

### COUNT VI
(**Massachusetts Consumer Protection Act,** G.L. **c. 93A)**

55. Defendant restates and incorporates by reference the answers to the allegations in

Paragraphs 1 through 54 of the Complaint as and for its answer to Paragraph 55.

56. Defendant admits the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. To the extent that the allegations in Paragraph 59 call for a legal conclusion, no

response is required. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 59 and therefore, those allegations are

denied.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

### SECOND DEFENSE
(Waiver)

Plaintiff's claims against UAV are barred in whole or in part by the doctrine of waiver.

### THIRD DEFENSE
### (Laches)

Plaintiff's claims against UAV are barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE
### (Estoppel by Acquiescence)

Plaintiff's claims against UAV are barred in whole or in part by the doctrine of estoppel

by acquiescence.

### FIFTH DEFENSE
### (Failure to Mitigate)

Plaintiff has failed to mitigate its damages.

### SIXTH DEFENSE
### (Statute of Limitations)

Plaintiff's claims against UAV are barred in whole or in part by applicable statutes of

limitations.

### SEVENTH DEFENSE
### (Preemption)

Plaintiff's common law claims are preempted by its federal statutory claims.

### EIGHTH DEFENSE
### (Innocent Infringement)

Plaintiff's claims against UAV are barred by the doctrine of innocent infringement.

### NINTH DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, with respect to some or all Counts, fails to state a claim upon

which relief may be granted.

## DEFENDANT'S REQUEST FOR RELIEF

WHEREFORE, UAV requests that judgment be entered in its favor, dismissing the

Complaint in its entirety and awarding UAV its costs and reasonable attorneys' fees and such

other relief to which it may be entitled.

This the 27 day of January, 2004.

        ith C. Long (BBO # 304220)
        arah C. Kellogg (BBO # 637530)
        Joshua C. Rowland (BBO# 655906)
        KIRKPATRICK & LOCKHART, LLP
        75 State Street
        Boston, MA 02109
        Telephone: (617) 261-3100

        *Attorneys for Defendant UAV Corporation*

OF COUNSEL:

Corby C. Anderson
N.C. State Bar No. 20829

Amy R. Langdon
N.C. State Bar No. 23516

HELMS MULLISS & WICKER, PLLC
201 North Tryon Street
Post Office Box 31247
Charlotte, NC 28231
Telephone: (704) 343-2000
Facsimile: (704) 343-2300

*Attorneys for Defendant UAV Corporation*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing ANSWER on all parties to this cause by:

Hand delivering a copy hereof to the attorney for each said party addressed as ollows:

Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

Telecopying a copy hereof to the attorney for each said party as follows:

Julie A. Frohlich
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110-3333
*Attorneys for Plaintiff Global Television Network, Ltd.*

This the        day of January, 2004.

Joshua